UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MONSANTO COMPANY and )
MONSANTO TECHNOLOGY LLC )
    Plaintiffs, )
     )
vs. ) Case No. 4:04CV425 HEA
     )
LOREN DAVID, )
     )
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion for Leave to Amend Answer, [Doc. # 61]; defendant's Motion for Permission to Take Depositions for Use at Trial, [Doc. # 63]; defendant's Motion for Permission to Serve Additional Discovery Disclosure, [Doc. # 65]; Motion to Amend Case Management Order, [Doc. 76]; and plaintiffs' Motion to Exclude Testimony at Trial from Chad Fries, Douglas Miller and Russell Rasmussen, [Doc. # 73]. Plaintiffs oppose defendant's motions and defendant opposes plaintiffs' motion.

**Motion for Leave to Amend Answer**

Defendant seeks leave to Amend his Answer, and leave to Amend the Court's Case Management Order to allow the amendment, in order to add one paragraph[1] to his answer. This paragraph provides:

> While a utility patent issued on a plant variety under 35 U.S.C.A. § 101 can provide the basis for an infringement action against a farmer for saving seed and planting it on his own farm, the patent Plaintiffs sued on, United States Patent No. 5,353,605, is not such a patent. The '605 Patent does not specifically describe any of the three plant varieties planted by Defendant in 2003, nor does the '605 Patent include any deposited seed of any of the three soybean plant varieties planted by Defendant in 2003.

While the Court recognizes that the Motion to Amend has been filed so late in this litigation, it also recognizes that defendant has retained new counsel. According to defendant, no additional discovery should now be required in light of his withdrawal of the two paragraphs previously proposed. Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be freely given. As such, the Court, in its discretion, will allow defendant's Motion to Amend his answer to add the stated paragraph, and the Case Management Order is amended to allow said amendment to defendant's Answer. In the event plaintiffs still disagree with defendant, and believe that discovery is required regarding this paragraph, plaintiffs are granted leave to conduct discovery within the next 30 days. This discovery shall be limited solely to the issue raised in the stated paragraph.

---

[1] Defendant originally sought to add paragraphs 6 and 8 which addressed Plant Variety Protection Certificates. Defendant has subsequently withdrawn that request.

**Defendant's Motion for Permission to Take Depositions for Use at Trial and Plaintiffs' Motion to Exclude Testimony from Chad Fries, Douglas Miller or Russell Rasmussen, PH.D. at the Trial of this Matter**

Defendant seeks the Court's permission to depose Chad Fries, Douglas Miller and Russell Rasmussen for purposes of using the deposition testimony at trial. Plaintiffs oppose and seek to exclude any testimony from these individuals form trial. Defendant's motion will be denied, and plaintiffs' motion will be granted.

**Chad Fries**

Defendant seeks to depose Chad Fries, an employee of Red River Grain Company, to impeach the testimony of Jennifer Wulfekuhle, another employee of Red River Grain Company. Defendant relies on plaintiffs' disclosure of "red River Grain Company and/or its custodian of records [that] may have knowledge regarding Defendant's agricultural operations." According to defendant, his incorporation of plaintiffs' disclosures alleviated the need for him to specify Mr. Fries as an individual with knowledge of the issues presented in this case. This position is unavailing in that plaintiffs cannot be presumed to have determined which of Red River Grain Co. employees "may" be subject to depositions so late in this litigation. Plaintiffs are bound by the Case Management Order as is defendant. To allow defendant to depose Mr. Fries would prejudice plaintiffs' ability to rebut Mr. Fries' testimony through further employees of Red River Grain Co.

Defendant's reasons for his desire to depose Mr. Fries are insufficient to justify allowing the deposition of Mr. Fries so long after the closing of discovery and defendant's admitted knowledge of Mr. Fries' existence. While the Court allows parties to freely agree on discovery issues, and will not require them to remain bound by the deadlines set forth in the Case Management Order, *if they agree otherwise*, the Court cannot, in the interests of justice, allow defendant such free reign to take depositions so far beyond the discovery cutoff.

### Douglas Miller and Russell Rasmussen, Ph.D.

Both Mr. Miller and Dr. Rasmussen performed scientific testing on crop seed samples provided by defendant. Both clearly fall within the definition of "expert" as set forth by the Federal Rules. Defendant has never disclosed these individuals, nor has he provided expert reports pursuant to Rule 26 of the Federal Rules of Civil Procedure. None of defendant's explanations for the need to depose, or the failure to disclose, overcome the prejudice which would be suffered by plaintiffs if the depositions were allowed.

### Motion for Permission to Serve Additional Discovery Disclosure

Defendant seeks permission to serve additional disclosures of copies of checks written to Benes Service[2] in support of his position that he purchased a large

---

[2] Originally, defendant sought to serve Plant Variety Protection Certificates, but has since withdrawn this request.

amount of the conventional chemical Pursuit in 1998 or 1999 and had a quantity of those chemicals in storage. Plaintiffs oppose this disclosure because it comes after deposition of Luke Benes and the audit of Benes Service. The disclosure appears to be a supplemental disclosure to defendant's interrogatory answer regarding the chemicals. As such, the disclosure will be allowed. Plaintiffs are given thirty days from the date of this Order to conduct discovery limited to discovery regarding these checks.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Leave to Amend Answer, [Doc. # 61], is granted.

**IT IS FURTHER ORDERED** that defendant's Motion for Permission to Take Depositions for Use at Trial, [Doc. # 63] is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Permission to Serve Additional Discovery Disclosure, [Doc. # 65], is granted.

**IT IS FURTHER ORDERED** that defendant's Motion to Amend Case Management Order, [Doc. 76] is granted.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Exclude Testimony

at Trial from Chad Fries, Douglas Miller and Russell Rasmussen, [Doc. # 73], is granted.

Dated this 19th day of October, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE