UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MONSANTO COMPANY and ) 
MONSANTO TECHNOLOGY LLC )
    Plaintiffs, )
)
vs. )    Case No. 4:04CV425 HEA
)
LOREN DAVID, )
)
    Defendant. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' (Monsanto) Motion for Attorneys' Fees Pursuant to 35 U.S.C. § 285, [Doc. No. 200]; defendant's Motion for Amendment of April 20, 2006 Opinion, Memorandum and Order, [Doc. No. 202]; defendant's Second Motion for Amendment of April 20, 2006 Opinion, Memorandum and Order, [Doc. No. 212]; plaintiffs' Motion for Prejudgment Interest, [Doc. No. 203]; plaintiffs' Motion for Treble Damages Pursuant to 35 U.S.C. § 284, [Doc. No. 206]; plaintiffs' Motion for Bill of Costs, [Doc. No. 208], and defendant's Rule 59(e) Motion to Alter or Amend Award of Contract Attorneys' Fees and Costs in April 20, 2006 Opinion, Memorandum and Order, [Doc. No. 241].

### Motion for Treble Damages
### Pursuant to 35 U.S.C. § 284

Monsanto seeks treble damages, because of the Court's finding that defendant's infringement was willful. Under 35 U.S.C. § 284, when there is willful patent infringement, the Court may "increase the damages up to three times the amount found or assessed." The parties urge the Court to make the determination of whether to assess enhanced damages in accordance with the factors set out in *Read Corp. v. Portec, Inc.,* 970 F.2d 816, 826 (Fed.Cir.1992). The parties differ, however, as to the application of those factors to this case.

In making the determination, the Court must consider "factors that render defendant's conduct more culpable, as well as factors that are mitigating or ameliorating." *Id. Read* examined a number of cases and listed nine factors that may appropriately be considered, including:

>   (1) whether the infringer deliberately copied the ideas or design of another;
>
>   (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed;
>
>   (3) the infringer's behavior as a party to the litigation;
>
>   (4) defendant's size and financial condition;
>
>   (5) closeness of the case;
>
>   (6) duration of the defendant's misconduct;
>
>   (7) remedial action by the defendant;

(8) defendant's motivation for harm; and

(9) whether defendant attempted to conceal its misconduct.

*Read,* 970 F.2d at 827.

<u>Whether defendant deliberately copied the ideas or design of Monsanto</u>

Defendant argues that this factor does not apply in this case because it is aimed at engineers or companies that employ engineers. Defendant, however, does not support this position with any authority upon which he relies. The Court is not convinced that this factor is limited to engineers and/or companies employing engineers, rather, the factor goes to the issue of whether the infringer took the patented idea and/or design of the patent holder. In this instance, it is clear that defendant "copied" Monsanto's patented design, *i.e.* the herbicide resistant soybean seeds. See, *Monsanto v. Ralph*, Cause No 4:00CV135 RWS, Transcript of Hearing, June 17, 2003. As such, this factor weighs in favor of enhanced damages.

<u>Whether Defendant investigated the Scope of the Patent and formed a
good faith belief that it was invalid or that it was not infringed</u>

Defendant again argues that this factor is not aimed at " a North Dakota farmer." In attempting to convince the Court that this factor does not support enhanced damages, defendant urges that he never denied that he knew Roundup Ready seed was patented. This argument, however, goes to the very issue of factor two. Defendant knew that the seed was patented, he was also aware that he was

forbidden from saving the seed and planting the saved seed. Knowledge and scope of the patent, at least to that extent, was known to defendant, and in saving seed, defendant knew that he was infringing.

### The infringer's behavior as a party to the litigation

Throughout the course of this litigation, defendant presented various renditions of how and when he planted his fields and purchased seed and herbicides. Several "mistakes" of the dates of purchases were presented in an effort to establish that defendant did not in fact save seed. However, as the Court has previously found, these "mistakes" were not credible in light of the entire record. As such, defendant's behavior as a party to the litigation favors enhanced damages.

### Defendant's size and financial condition

Monsanto argues that defendant has large amounts of land and that he received substantial subsidies from the government in relation to that land and crop production. Further, Monsanto argues that defendant's size and financial condition cannot be adequately assessed because of defendant's failure to provide information regarding his finances.

Clearly defendant's financial condition will be substantially effected by the Court's ruling with respect to liability. Furthermore, it cannot be ignored that defendant operates his farming operation by himself, with the assistance of his family. Based on the information before the Court, the Court is persuaded, therefore

that defendant's size and financial condition should **not** support a finding of enhanced damages.

## Closeness of the case

After consideration of the entire record, the Court finds that this was not a "close" case. Monsanto's evidence established that defendant was infringing Monsanto's patent. Defendant's efforts in defending the case were a compilation of varying explanations attempting to "prove" he did not infringe. Monsanto presented unbiased evidence that defendant's fields were planted with Roundup Ready soybeans. Defendant consistently urged he did not, however, his explanations were not consistent. This factor supports enhanced damages.

## Duration of the defendant's misconduct

Although Monsanto argues that it is clear that defendant has been infringing prior to 2003, the only evidence before the Court is what was presented and proven at trial, *i.e.*, that the defendant's infringement was for the 2003 growing season.

## Remedial action by the defendant

There is no evidence of any remedial action by the defendant. Quite the contrary, defendant's actions prior to and throughout this litigation demonstrate a that defendant took no remedial action.

## Defendant's motivation for harm

The Court can only speculate that defendant's motivation for the infringement was to save money in not purchasing new seed and using saved seed. This motivation weighs in favor of enhanced damages, but there is no clear evidence to establish this in light of defendant's continued denial of wrong-doing.

<u>Whether defendant attempted to conceal his misconduct</u>

This factor has been established through the evidence presented by Monsanto at trial. Although defendant clearly knew he was not at liberty to save the seed, the evidence established that he in fact saved and replanted the seed, hence the Court's finding of willful infringement. Defendant presented various explanations of his actions, all clearly motivated by the attempt to conceal his infringement.

Based on the application of the *Read* factors to the evidence and record before the Court, enhanced damages are appropriate. The Court finds, however, that treble damages are not. As previously stated, defendant will be substantially effected by the damages awarded in this matter. Furthermore, pursuant to this Court's previous orders and rulings herein, defendant will be required to pay attorneys' fees, interest and costs. Even though the Court finds that enhanced damages are appropriate for defendant's willful violation of the patent, the imposition of treble damages is too harsh a remedy. **Accordingly**, the Court awards Monsanto enhanced damages in the amount of $10,000.

**Motion for Attorneys' Fees**

### Pursuant to 35 U.S.C. § 285

The Court may also award attorneys fees in an "exceptional case." 35 U.S.C. § 285.

> The decision to award attorney fees under 35 U.S.C. § 285 in "exceptional" cases is discretionary with the trial court judge. *Beckman Instruments, Inc. v. LKB Produkter AB,* 892 F.2d 1547, 1551 (Fed.Cir.1989). "Among the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit." *Id.* at 1551.

*Amsted Industries Inc. v. Buckeye Steel Castings Co.,* 23 F.3d 374, 376 (Fed.Cir.1994). Again, the cases have described a two-step process for determining whether to award fees: the court must first determine whether a case is exceptional, and then the court must determine whether attorney fees are appropriate. *Cybor Corp. v. FAS Technologies, Inc.,* 138 F.3d 1448, 1460 (Fed.Cir.1998). See also, *Agfa Corp. v. Creo Products Inc.,* (Fed. Cir. 2006).

After considering the evidence presented and defendant's actions prior to and throughout this litigation, the Court concludes that this is an exceptional case. Monsanto's enforcement of its patent rights efforts were continuously thwarted by defendant's ever changing position as to his farming practices. Each step of Monsanto's investigation was hindered by defendant. While Monsanto is entitled to protect its patent, and required defendant to execute agreements not to infringe in exchange for the license to use its patent, Monsanto's efforts were in vain with

regard to defendant. He knew he was not at liberty to save seed, yet he did so. He knew Monsanto had discovered his infringement and he proceeded to attempt to cover it up. Defendant's actions were willful in the planting of saved seed and were calculated to try to avoid liability after his infringement was discovered. Defendant has not once admitted that any of the actions taken regarding his 2003 growing season were not proper. As discussed, *supra*, this was not a close case. Defendant's different explanations of what had occurred demonstrate defendant's intent to try to deceive Monsanto as to his use of saved seed. The Court, therefore finds an award of attorneys' fees is appropriate.

The Court will reserve ruling as to the amount of fees to be awarded until such time as plaintiff responds to defendant's chronological objections to Monsanto's verified statement of attorneys' fees.

### **Motions to Amend April 20, 2006 Opinion, Memorandum and Order and Rule 59(e) Motion to Alter or Amend Award of Contract Attorneys Fees and Costs in April 20, 2006 Opinion, Memorandum and Order**

Defendant asks the Court to amend its April 20, 2006 Opinion, Memorandum and Order as to the finding that Monsanto is entitled to attorneys' fees and costs pursuant to the parties' contract, and to amend the Order to reduce the assessed royalty of $55.00 per bag of saved seed.

**Attorneys' Fees and Costs**

Defendant argues that Monsanto's attorneys fees and costs are limited to those fees and costs recoverable under 35 U.S.C. § 285 and 28 U.S.C. §§ 1920 and 1821(b) and that the contract provision is not enforceable because it was on the back side of the document, the side of the document which he did not sign.

Enforceability

Defendant argues that the contract provision in which it was agreed that Monsanto would be entitled to recover its attorneys' fees and other costs should not be enforced because it was on the back side of the Technology Agreement and as such, he was unaware of it. He further argues that the clause regarding attorneys' fees and costs was in the "fine print" and that the front side of the document, which included the statement that defendant "acknowledged] that [he has] read and underst[ood] the terms and conditions of this Agreement and that [he] agree[d] to them" was also in small print, and no attention was drawn to this provision on the front side of the document. Since defendant claims he was unaware of the backside provision, he argues that he is not bound by the provision.

Monsanto counters this argument by directing the Court's attention to this exact issue decided by the Federal Circuit in *Monsanto v. McFarling*, 302 F.3d 1291 (Fed. Cir. 2002). In *McFarling*, the Court found that "[a] party who signs an agreement is bound by its terms, unless he was fraudulently induced not to read it or was fraudulently misled as to its content or significance." *Id*., at 1295. There is no

evidence in the record before the Court that defendant was fraudulently induced not to read the Technology Agreement, nor is there evidence that defendant was fraudulently misled as to the Agreement's contents ro significance. Defendant's arguments regarding the placement and size of the attorneys' fees and costs provision are unpersuasive in light of the *McFarling* Court's holding and reasoning therefore.

Limitation of Attorneys' Fees and Costs

Defendant urges the Court to Amend the award of contract attorneys' fees and costs in the Opinion, Memorandum and Order entered on April 20, 2006, to limit those fees under the provisions of 35 U.S.C. § 285 and 28 U.S.C. §§ 1920 and 1821(b). With respect to limitation under 35 U.S.C. § 285, the Court has herein found this to be an exceptional case, and that Monsanto is entitled to attorneys' fees in accordance with Section 285. Therefore, the motion appears to be moot as to that limitation. Inherent in the parties' agreement is that the attorneys' fees are "reasonable," as are the attorneys' fees awarded pursuant to 35 U.S.C. § 285.

Furthermore, the Court agrees with Monsanto that the parties to a contract can agree to an award of attorneys' fees and costs to a prevailing party incurred through enforcing the provisions of the contract. "Missouri law permits an award of attorneys' fees in a variety of circumstances, *see Skyles v. Burge,* 830 S.W.2d 497, 499 (Mo.Ct.App.1992), including when a contract provides for such an award, *see*

*Jackes-Evans Mfg. Co. v. Christen,* 848 S.W.2d 553, 557 (Mo.Ct.App.1993); *Gibson v. Gibson*, 687 S.W.2d 274, 277 (Mo.Ct.App.1985)." *Farmland Industries, Inc. v. Frazier-Parrott Commodities,* 111 F.3d 588, 591 (8th Cir. 1997). See also *TCBY Systems, Inc. V. RSP Co., Inc.,* 33 F.3d 925, 931 (8th Cir. 1994)(costs).

The Technology Agreements' provisions regarding costs and attorneys' fees are not contrary to 35 U.S.C. § 285 and 28 U.S.C. §§ 1920 and 1821. As plaintiff correctly argues, defendant's reliance on the cited cases is misplaced. Defendant seeks to limit the award of costs and attorneys' fees based on cases which involve regulatory statutes. The Court agrees that in the context of a *regulatory statute*, the parties are not at liberty to defeat that statute's application by private contractual provisions, *Connolly v. Pension Benefit Guaranty Corp*., 475 U.S.211, 223-24 (1986). No regulatory statute is at issue here, rather, the statutes under which defendant is seeking to limit the award of costs and attorneys' fees are statutes which provide alternative awards of costs and attorneys' fees. With regard to attorneys' fees, in the absence of the Technology Agreement, the statute, 35 U.S.C. § 285, provides the patent holder, in exceptional circumstances, its attorneys' fees for infringement when such fees are not ordinarily awarded.

Costs are therefore awarded pursuant to the Technology Agreement in the amount of $164,608.03, as requested in Monsanto's Bill of Costs.

<u>Reduction of Royalty</u>

Defendant also asks the Court to reduce the award of $55.04 per bag of saved soybean seed. Defendant has presented nothing to establish that this amount "shocks the conscience" so that it should be reduced. See, *Monsanto v. Ralph*, 382 F.3d 1374, 1384.

## Motion for Prejudgment Interest

Monsanto seeks prejudgment interest in the amount of $63,026.95. Monsanto has submitted a schedule showing that this interest was calculated at prime rate, compounded annually, and beginning on May 1, 2003 ending on June 1, 2006.

*General Motors Corp. v. Devex Corp.*, 461 U.S. 648 (1983), held that prejudgment interest should ordinarily be awarded in patent cases, but that such an award is not automatic. "For example, it may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit. There may be other circumstances in which it may be appropriate not to award prejudgment interest." *Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986). Applying these standards, the Court concludes that there are no circumstances precluding awarding prejudgment interest. Prejudgment interest is awarded at 9%, the simple prejudgment rate, in accordance with 35 U.S.C. § 284 in the amount of $63,026.95.

## Motion for Bill of Costs: 28 U.S.C. § 1920

In addition to costs in accordance with their Technology Agreement, Monsanto seeks its costs pursuant to 28 U.S.C. § 1920. Defendant objects to the Bill of Costs submitted by plaintiff. Costs are taxed pursuant to 28 U.S.C. § 1920 as follows:

**Fees for service of summons and subpoena**: $435.60

**Fees of the court reporter for all or any part of transcripts necessarily obtained for use in the case**: $12,765.15.[1]

Defendant objects to this amount because plaintiff did not designate whether the transcripts were originals or copies, or for how many copies, or what part of the transcript was necessarily obtained for use in the case. Counsel for plaintiff represents to the Court that these amounts are for transcripts obtained for use in the case; defendant has produced no evidence that counsel's representation is inaccurate. As such, the Court finds the amount taxable.

**Fees and disbursements for printing**: $1,008.38.

**Fees for witnesses**:

Defendant objected to Monsanto's request for witness fees in the amount of $104,979.31. In response, Monsanto argued that it would be entitled to this amount

---

[1] Exhibit B details the transcripts. The total amount according to Exhibit B for transcripts is $12,765.15. However, the Court's calculations total $13,603.35. This discrepancy appears to be a failure to include the last transcript charge of $838.20. Because plaintiff has requested $12,765.15, the Court will assume plaintiff is not requesting this amount.

pursuant to 28 U.S.C. § 1821. Monsanto, however, advises the Court that "[e]ven though Monsanto would still be entitled certain witness fees pursuant to 28 U.S.C. § 1920 analysis, Monsanto will eliminate these fees from the alternative calculation of costs." In light of this, the Court will tax no costs for witness fees under 28 U.S.C. § 1920.

**Fees for exemplification and copies of papers necessarily obtained for use in the case**: $17,792.83.

The Court agrees with Monsanto that the fees for copies in this particular case is proper. Although defendant objects to these fees, the Court is cognizant of all the exhibits used in this case and throughout its pendency. Monsanto was required to obtain copies of documents from outside sources in addition to copying various documents in support of its position. Voluminous exhibits were listed on the Trial Exhibit list, which were required in order to overcome defendant's various defense tactics. As such, the Court finds that Monsanto is entitled to the amount of fees requested for copies and exemplification.

**Other costs**: Monsanto again advises the Court that it agrees that the other costs in the amount of $27,626.76 need not be awarded pursuant to 28 U.S.C. § 1920.

Based on the forgoing, Costs are taxed pursuant to 28 U.S.C. § 1920 in the amount of: **$30,542.99.**[2]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Attorneys' Fees Pursuant to 35 U.S.C. § 285, [Doc. No. 200], is granted. The amount of attorneys' fees to be awarded will be determined after plaintiff responds to defendant's chronological objections to plaintiff's verified statement of attorneys' fees.

**IT IS FURTHER ORDERED** that defendant's Motion for Amendment of April 20, 2006 Opinion, Memorandum and Order, [Doc. No. 202], is denied.

**IT IS FURTHER ORDERED** that defendant's Second Motion for Amendment of April 20, 2006 Opinion, Memorandum and Order, [Doc. No. 212], is denied.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Prejudgment Interest, [Doc. No. 203], is granted.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Treble Damages Pursuant to 35 U.S.C. § 284, [Doc. No. 206] is granted to the extent that plaintiff is awarded enhanced damages in the amount of $10,000 additional damages.    **IT IS**

---

[2] This amount is lower than the total amount of costs taxed herein. The Court is uncertain as to how Monsanto arrived at this amount, however, in light of the fact that it is lower than the total amount requested, less those items Monsanto voluntarily abandoned, the Court will tax costs in the amount Monsanto requests in its Reply to the objections.

**FURTHER ORDERED** that plaintiffs' Motion for Bill of Costs, [Doc. No. 208], is granted. Costs are taxed in the amount of $30,542.99, pursuant to 28 U.S.C. § 1920.

**IT IS FURTHER ORDERED** that defendant's Rule 59(e) Motion to Alter or Amend Award of Contract Attorneys' Fees and Costs in April 20, 2006 Opinion, Memorandum and Order, [Doc. No. 241], is denied.

Dated this 25th day of July, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE