UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and ) | |
| MONSANTO TECHNOLOGY LLC ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:04CV425 HEA |
| ) | |
| LOREN DAVID, ) | |
| ) | |
|     Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' (Monsanto) Verified Statement of Attorneys' Fees. Defendant objects to the amount of the attorneys' fees requested, basing his objections to block type billing, billing for tasks not ordinarily performed by attorneys and duplicative billing.[1]

As plaintiffs point out, those entries on the verified statement to which defendant objects as tasks not ordinarily performed by attorneys were not performed by attorneys, rather, these entries are for counsel's paralegal personnel. As such, the objections to the entries are without merit.

Defendant also objects to the "block" type billing format of plaintiffs' attorneys' statement. The Court has reviewed the entire statement and finds that it

---

[1] Defendant has previously objected to any award of attorneys' fees in this matter. The Court has previously ruled on these objections in various orders entered in this matter.

sufficiently details the actions taken by the attorneys and the paralegals. While the entries do not specifically detail each and every minute of time spent on a particular task, the description sets forth the matter that was addressed by the attorneys and the amount of time spent for the listed items. Defendant's position that counsel should be required to more specifically detail how his/her time was expended would place a tremendous burden on any counsel and would result in inefficient utilization of counsel's time. This objection is overruled.

The Court agrees with defendant that an award of attorneys's fees for two or three attorneys' attendance and preparation for trial is not reasonable in this case. The Court, therefore has reduced the amount of the request accordingly for duplication.[2]

Defendant also objects to the rate at which plaintiffs' attorneys have billed. Defendant's argument that he should not be required to have to pay "St. Louis rates" when he was subjected to trial in this district pursuant to the forum selection provisions of the parties' Agreement is completely meritless. Under the terms of the parties' agreements, defendant agreed to be responsible for attorneys' fees in this forum for plaintiffs' enforcement action. Furthermore, defendant's objections to plaintiffs' attorneys' fees based on the amount of time defendant's counsel spent in

---

[2] The Court has reviewed defendant's objections based on duplicative entries. Not all of the items so listed were duplicitous. As such, the Court did not reduce the amount of the award by the entire amount requested by defendant based on duplicative billing.

preparation is akin to comparing apples with oranges in that plaintiffs' preparation entailed significantly more investigation and preparation because of defendant's activities surrounding this litigation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs are awarded attorneys' fees in the amount of $ 323,140.05.[3]

Dated this 14th day of September, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[3] This amount reflects a reduction of $39,188.25 which the Court had deducted from the total amount requested because of the duplicative billing for two or three attorneys' time at and in preparation for trial.