UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and<br>MONSANTO TECHNOLOGY LLC<br>    Plaintiffs,<br><br>    vs.<br><br>LOREN DAVID,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)    Case No. 4:04CV425 HEA<br>)<br>)<br>)<br>) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Rule 59 Motion to Take Additional Evidence and Make New Findings of Fact and Conclusions of Law, [Doc. No. 258] and defendant's Amended and Supplemental Rule 59 Motion to Take Additional Evidence and Make New Findings of Fact and Conclusions of Law, [Doc. No. 260]. Plaintiffs oppose these motions. For the reasons set forth below, the Motions are denied.

In his initial motion, defendant asks the Court to reconsider its ruling of October 19, 2005, in which the Court denied defendant's motion for permission to take the depositions of Douglas Miller and Russell Rasmussen for use at trial. He also asks the Court to change the September 14, 2006 Order and the Judgment in which the Court awarded plaintiffs' costs under 28 U.S.C. § 1920 and pursuant to

the Contract between the parties. In the supplemental Motion, defendant asks the Court to reconsider its denial of his motion for permission to take the deposition of Chad Friese for use at trial and the Order granting plaintiffs' Motion to Exclude Testimony at Trial from Chad Friese, Douglas Miller and Russell Rasmussen.

In support of these motions, defendant does not argue that the Court made a mistake as to law or fact, rather, defendant argues that now that the Court has heard the evidence at trial, it is in a better position to see the importance of the testimony of these individuals. He urges reconsideration based on what he believes to be significant testimony which was excluded because of the failure to disclose these individuals through the discovery process in this case. He claims that allowing the reopening of testimony to allow the taking of depositions will result in preventing manifest injustice.

District courts enjoy broad discretion in ruling on such motions. *See Concordia College Corp. v. W.R. Grace & Co.,* 999 F.2d 326, 330 (8th Cir.1993). Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no more than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(e). The Eighth Circuit has explained that Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care v. P.T.--O. T. Assoc. of the Black Hills,*

141 F.3d 1284, 1286 (8th Cir. 1998)(quoting *Norman v. Arkansas Dep't of Educ.,* 79 F.3d 748, 750 (8th Cir. 1996)). Motions under Rule 59(e) serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Rule 59(e) motions are not proper vehicles for raising new arguments or legal theories. *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 834 (8th Cir.2004). Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Id.* (citations and quotations omitted).

In this case, defendant, not so curiously, disagrees with the Court's rulings regarding whether to allow testimony from persons not identified in discovery. The Court has reviewed the pleadings, the record and these rulings and finds no manifest errors of law or fact which would justify granting a Rule 59(e) motion to amend or alter its prior judgment. Defendant simply points, without real authority, to what *he* believes should have been allowed by way of testimony. Without even addressing the issue of whether the testimony would have been admitted under the rules of evidence, the Court has already considered the request to allow the testimony and

has denied the requests. The Court finds no manifest errors of law or fact in its decisions. Thus, there is no reason for amending the judgment in this case.

Defendant's motion to alter the judgment with regard to the award of costs is unnecessary. In its Orders, the Court made clear that the two separate awards were alternative awards and that plaintiffs are only entitled to a single recovery of costs, whether under the terms of the parties' Contract or pursuant to 28 U.S.C. § 1920. It is abundantly clear that plaintiffs are not entitled to recover costs in excess of those actually incurred and plaintiffs are required under this Court's Orders and Judgment to make an election as to these awards.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Rule 59 Motion to Take Additional Evidence and Make New Findings of Fact and Conclusions of Law, [Doc. No. 258] and defendant's Amended and Supplemental Rule 59 Motion to Take Additional Evidence and Make New Findings of Fact and Conclusions of Law, [Doc. No. 260], are denied.

Dated this 27th day of October, 2006.

```
_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE
```